Case 7:20-cv-00411 Document 19 Filed on 06/22/21 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:20-CV-411 |
| § | |
| 0.835 ACRES OF LAND, MORE OR § | |
| LESS, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ESTABLISHING JUST COMPENSATION, GRANTING POSESSION, DISTRIBUTING FUNDS, AND CLOSING CASE

Before the Court is the "Joint Motion for Order Establishing Just Compensation, Granting Possession, and Distributing Funds on Deposit in the Registry of the Court for Tract RGV-WSL-2012-1" (Dkt. No. 18) filed by the United States of America and Defendants Alice Marsletta Knapp and Francis Everett Knapp, III. The parties agree on just compensation as to Tract RGV-WSL-2012-1[1] ("Subject Property") and now seek an order: (1) establishing just compensation; (2) granting immediate possession of the Subject Property to the United States; (3) distributing the stipulated just compensation; and (4) closing this case on the Court's docket.

**I.     BACKGROUND**

1. This case was commenced on December 15, 2020, with the United States seeking acquisition of a fee simple estate in the property identified as Tract RGC-WSL-2012-1.[2] On January 13, 2021, the United States deposited sixteen thousand three hundred ninety five dollars and 00/100 ($16,395.00) into the Registry of the Court as estimated just compensation.[3] Upon deposit of the estimated just compensation, title to the Subject Property vested in the name of the

---
[1] *See* Dkt. No. 7 (Clerk's receipt).
[2] *See* Dkt. Nos. 1 & 2.
[3] *See* Dkt. No. 7.

United States by operation of law.[4]

## II. STIPULATION AND JUDGMENT

2. The United States and Defendants Alice Marsletta Knapp and Francis Everett Knapp, III, now agree and stipulate that the proper just compensation for Tract RGC-WSL-2012-1 in this action is sixteen thousand three hundred ninety five dollars and 00/100 ($16,395.00), and this is in full satisfaction of any claim of whatsoever nature by Defendants against the United States for the institution and prosecution of the above-captioned action. The parties request a final judgment be entered against the United States in the amount of sixteen thousand three hundred ninety five dollars and 00/100 ($16,395.00) for Tract RGC-WSL-2012-1. Defendants warrant that (1) Alice Marsletta Knapp and Francis Everett Knapp, III are the sole owners of the Subject Property taken in this proceeding; (b) they have the exclusive right to the compensation, herein; excepting the interests of parties having liens, leases, encumbrances of record, and unpaid taxes and assessments, if any; and (c) that no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.[5]

3. The parties seek immediate disbursement of the funds on deposit in the Registry of the Court and have agreed that the funds should be disbursed as follows:

  i. sixteen thousand three hundred ninety five dollars and 00/100 ($16,395.00) to be divided equally and disbursed individually to Alice Marsletta Knapp and Francis Everett Knapp, III, with accrued interest from the date of deposit:

    • **$8,197.50** to "Alice Marsletta Knapp," with accrued interest from the date of

---

[4] Upon the filing of the Declaration of Taking and depositing the estimated compensation amount in the Registry of Court, the following events occur by operation of law: "(1) title to the estate or interest specified in the declaration vests in the Government; (2) the land is condemned and taken for the use of the Government; and (3) the right to just compensation for the land vests in the persons entitled to the compensation." 40 U.S.C. § 3114(b); *see E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004) (in a Declaration of Taking Act case, "[t]itle and the right to possession vest in the government immediately upon the filing of a declaration and the requisite deposit").
[5] *See* Dkt. No. 18 at p. 4, ¶ 5(g).

deposit.

• **$8,197.50** to "Francis Everett Knapp, III," with accrued interest from the date of deposit.

4. Based on the foregoing, the Court finds that since the parties are in agreement about the amount of compensation, just compensation has been established. Final judgement is hereby entered against the United States in the amount of sixteen thousand three hundred ninety five dollars and 00/100 ($16,395.00), along with any accrued interest. This sum is in full satisfaction of any claims whatsoever by Defendants against the United States for the institution and prosecution of the above-captioned action. The total said sum of sixteen thousand three hundred ninety five dollars and 00/100 ($16,395.00), with accrued interest, shall be subject to all taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable to and deductible from this amount. There being no outstanding taxes or assessments due or owing, Defendants Alice Marsletta Knapp and Francis Everett Knapp, III, are responsible for the payment of any additional taxes or assessments, which it otherwise owes on the interests in the property taken in this proceeding on the date of the taking.

5. The parties have further agreed, in the event that any other party is ultimately determined to have any right to receive compensation for the interest taken in the Subject Property, Defendants Alice Marsletta Knapp and Francis Everett Knapp, III, shall refund to the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. §3116 from the date of receipt of the respective deposit by Defendants Alice Marsletta Knapp and Fra ncis Everett

Knapp, III, to the date of repayment into the Registry of the Court.[6]

6. Additionally, the Court finds that the United States is entitled to immediate possession of the Subject Property, and all persons in possession or in control of the interests taken in the Subject Property are ordered by this Court to surrender possession to the United States.

7. The parties have also agreed that the parties shall be responsible for their own legal fees, costs, and expenses, including attorneys' fees, consultants' fees, and any other expenses or costs.[7] The parties also agree that Defendant shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all motions, orders, and judgments necessary to accomplish their stipulated final judgment.[8]

8. Finally, the parties have agreed that Defendants shall save and hold harmless the United States from all claims or liability resulting from any unrecorded leases or agreements affecting the interest in the property taken in this proceeding on the date of taking.[9]

### III.  HOLDING

The Court **ORDERS** the Clerk of Court to **DISBURSE** the total sum of sixteen thousand three hundred ninety five dollars and 00/100 ($16,395.00), along with any accrued interest earned thereon while on deposit, payable by check as follows:

- **$8,197.50** to "Alice Marsletta Knapp", with accrued interest from the date of deposit.

- **$8,197.50** to "Francis Everett Knapp, III", with accrued interest from the date of deposit.

**IT IS HEREBY ORDERED** that this case be **DISMISSED** and **CLOSED** on the Court's docket.

---

[6] *Id.* at p. 4, ¶ 5(h).
[7] *Id.* at p. 4, ¶ 5(i).
[8] *Id.* at p. 4, ¶ 5(k).
[9] *Id.* at p. 4, ¶ 5(l).

SO ORDERED this 22nd day of June, 2021, at McAllen, Texas.

_____
Randy Crane
United States District Judge

